UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                            CRIMINAL ACTION NO. 2:11-00140

CLINTON E. KIRK


MEMORANDUM OPINION AND ORDER

On December 22, 2011, and again on January 12, 2012, the United States of America appeared by Lisa G. Johnston, Assistant United States Attorney, and the defendant appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing pursuant to the provisions of 18 U.S.C. §§ 4241(c) and 4247(d).

Inasmuch as the parties had no further evidence to present as to the defendant's mental competency, and based upon the Competency to Stand Trial Evaluation, prepared by the Metropolitan Correctional Center in New York, New York, having been received on December 1, 2011, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense or make decisions regarding legal strategy with the assistance of counsel.

In <u>United States v. Broncheau</u>, 645 F.3d 676 (4th Cir. 2011), our court of appeals outlined the purpose behind, and process attached to, section 4241 determinations:

> Section 4241 addresses the circumstances under which the mental competency of a criminal defendant is to be assessed. It was designed to ensure the integrity of the judicial system, <u>i.e.</u>, protecting a defendant from criminal proceedings that he cannot understand, and barring prosecutors from pursuing such proceedings against mentally defective defendants. . . .
>
> If the court, after conducting a § 4241 competency hearing, finds by a preponderance of the evidence that the defendant lacks the requisite mental competency, he is committed to custody pending improvement of his mental condition or further proceedings. <u>See</u> § 4241(d).

<u>Id.</u> at 686 (citation omitted).

As noted in <u>Broncheau</u>, 18 U.S.C. § 4241(d) provides for the next steps in ascertaining and evaluating defendant's mental condition:

> (d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally

2

> incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> >
> > (2) for an additional reasonable period of time until--
> >
> > > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> > >
> > > (B) the pending charges against him are disposed of according to law;
> >
> > whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

As is apparent from a plain reading of the statute, and irrespective of the present views concerning the chances of restoring defendant's lucidity, the statute admits of no

3

exceptions to now committing defendant to the custody of the Attorney General. See, e.g., United States v. Magassouba, 544 F.3d 387, 404 (2nd Cir. 2008)("In short, in contrast to the discretion afforded district courts in deciding whether to commit a defendant for a preliminary competency examination, . . . , once a defendant is found incompetent, commitment pursuant to § 4241(d) is mandatory."); United States v. Shawar, 865 F.2d 856, 860 (7th Cir. 1989) ("The plain meaning of this phrase is, and we hold it to be, that once a defendant is found incompetent to stand trial, a district judge has no discretion in whether or not to commit him.").

In accordance, then, with Magassouba, Shawar, and section 4241(d), it is ORDERED that the defendant be, and he hereby is, committed to the custody of the Attorney General pursuant to section 4241(d)(1).  The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

No later than the eve of the conclusion of that four-month time period, the United States is directed to either (1) move the court pursuant to section 4241(d)(2)(A), or inform the court of its election not to so move, unless it earlier disposes of the pending charges against defendant according to law pursuant to section 4241(d)(2)(B), or (2) report to the court that it will proceed according to sections 4246 and 4248 as warranted by the circumstances then existing.  See United States v. Broncheau,  645 F.3d 676, 686 (4th Cir. 2011) ("If the court, after conducting a § 4241 competency hearing, finds by a preponderance of the evidence that the defendant lacks the requisite mental competency, he is committed to custody pending improvement of his mental condition or further proceedings."); Magassouba, 544 F.3d at 406 ("Congress's use of the word 'additional' plainly signals its intent for any restorative commitment pursuant to § 4241(d)(2)(A) to follow evaluative commitment pursuant to § 4241(d)(1). Such additional commitment is not, however, presumed. To the contrary, § 4241(d)(2)(A) commitment is authorized only 'if the court finds that there is a substantial probability that within such additional period of time [the defendant] will attain the capacity to permit the proceedings to go forward.'") (citation omitted).

It is the court's intention, if at all feasible and consistent with the thorough and complete evaluation of defendant, to consider and enter any section 4241(d)(2)(A) order prior to, or as soon as reasonably practicable after, the expiration of the four-month section 4241(d)(1) time period.

The Attorney General or his authorized designee, such as the director of the facility in which the defendant is hospitalized pursuant to § 4241(d)(1), shall file interim reports every 30 days, and a final report, denominated as such, as early as possible prior to the expiration of the four-month period prescribed by section 4241(d)(1), but no earlier than receipt of the interim report to be filed at the conclusion of the third month of defendant's evaluation, comprehensively addressing his views respecting whether the defendant has attained the capacity to permit the proceedings to go forward. The final report must additionally address, pursuant to section 4241(d)(2)(A), whether there is a substantial probability that, within an additional specified reasonable period of time, the

defendant will attain the capacity to permit these proceedings to go forward.[1]

One further matter merits discussion at this juncture. Section 4246(a) provides pertinently as follows:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create <u>a substantial risk of bodily injury to another person or serious damage to property of another</u>, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

18 U.S.C. § 4246(a)(emphasis added).

Section 4248(a) provides materially, and similarly, as follows:

> In relation to a person who is in the custody of the Bureau of Prisons, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person, the Attorney General

---

[1] The time frame does not preclude the director of the facility where defendant is housed from, at any time, filing a certificate of recovery as prescribed by section 4241(e).

>or any individual authorized by the Attorney General
>or the Director of the Bureau of Prisons may certify
>that the person <u>is a sexually dangerous person</u>, and
>transmit the certificate to the clerk of the court for
>the district in which the person is confined.

18 U.S.C. § 4248(a)(emphasis added).

The United States, in its motion filed December 28, 2011, requested that the institution where defendant is housed for section 4241(d) purposes be directed to address the matter of defendant's dangerousness pursuant to sections 4246(a) and 4248(a) contemporaneous with the evaluation prescribed by section 4241(d).  The court declines the request, which was withdrawn at the hearing on January 12, 2012, inasmuch as it appears that the dangerousness determination is committed to another court.[2]  Under a former version of the statutory scheme here at issue, our court of appeals, in <u>United States v. Charters</u>, 863 F.2d 302, 314 (4th Cir. 1988), observed as follows:

>Finally we must take into account that the United
>States District Court for the Eastern District of
>Virginia, whose judgment we review, is not the proper
>court to review future medical decisions respecting
>Charters' treatment and continued custody. The proper
>court, so long as Charters remains in custody at the
>Butner facility, is the United States District Court
>for the Eastern District of North Carolina.  We

---

[2] However, a certification under either section 4246(a) or 4248(a) may nevertheless be filed.

> therefore will remand this case to the United States District Court for the Eastern District of Virginia, with directions to that court to transfer the case to the United States District Court for the Eastern District of North Carolina. The latter court should then hold the case in an inactive status pending further motions by Charters or the government respecting his treatment or custody, and should act on any such motions (or independent actions raising these issues) in accordance with this opinion.

<u>United States v. Charters</u>, 863 F.2d 302, 314 (4th Cir. 1988). Just days ago, our court of appeals also additionally observed as follows, consistent with the language found in both sections 4246(a) and 4248(a): "The Attorney General, his designee, or the Director of the Federal Bureau of Prisons ("BOP") may initiate a § 4248 commitment proceeding <u>in the district court for the district in which the person is confined</u> by filing a certification that the person is sexually dangerous within the meaning of the Act."  <u>United States v. Hall</u>, No. 11-7102, --- F.3d ---, ---, 2012 WL 34481, at *1 (4th Cir. Jan. 9, 2012) (emphasis added).

      The court will provide either party an opportunity to be heard, at the end of the applicable time period specified in section 4241(d), respecting the further action, if any, to be taken in the case, including transfer.

9

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED:  January 13, 2012

John T. Copenhaver, Jr.
United States District Judge