```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:11-00140

**CLINTON E. KIRK**

### MEMORANDUM OPINION AND ORDER

The court has presently under consideration the March 30 and April 6, 2012, letters from the Warden at FCI Butner and defendant's April 12, 2012, objection related thereto.

On December 22, 2011, and again on January 12, 2012, the United States of America appeared by Lisa G. Johnston, Assistant United States Attorney, and the defendant appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing pursuant to the provisions of 18 U.S.C. §§ 4241(c) and 4247(d).

On January 13, 2012, inasmuch as the parties had no further evidence to present as to the defendant's mental competency, and based upon the Competency to Stand Trial Evaluation, prepared by the Metropolitan Correctional Center in

New York, New York, having been received on December 1, 2011, the court found by a preponderance of the evidence that the defendant was then suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense or make decisions regarding legal strategy with the assistance of counsel.

In its January 13, 2012, memorandum opinion and order, the court noted the next steps required under 18 U.S.C. § 4241(d) in ascertaining and evaluating defendant's mental condition:

> (d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> > (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

> (2) for an additional reasonable period of time until--
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

In accordance with section 4241(d), defendant was committed to the custody of the Attorney General, who was directed to hospitalize defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, to determine whether there was a substantial probability that in the foreseeable future defendant would attain the capacity to permit the proceedings to go forward. That four-month time period would have elapsed on or about May 13, 2012. The court additionally stated as follows:

> The Attorney General or his authorized designee, such as the director of the facility in which the defendant is hospitalized pursuant to § 4241(d)(1), shall file

3

> interim reports every 30 days, and a final report,
> denominated as such, as early as possible prior to the
> expiration of the four-month period prescribed by
> section 4241(d)(1), but no earlier than receipt of the
> interim report to be filed at the conclusion of the
> third month of defendant's evaluation, comprehensively
> addressing his views respecting whether the defendant
> has attained the capacity to permit the proceedings to
> go forward. The final report must additionally
> address, pursuant to section 4241(d)(2)(A), whether
> there is a substantial probability that, within an
> additional specified reasonable period of time, the
> defendant will attain the capacity to permit these
> proceedings to go forward.

(Memo. Op. at 6-7).

On February 8, 2012, the court received defendant's objection to any request from the Bureau of Prisons to extend the time period within which to evaluate whether defendant's competence might be restored.  The court learned that defendant had been designated for evaluation at FCI Butner as opposed to the Metropolitan Correctional Center in New York City where his initial mental competency evaluation was conducted.  The court was additionally advised that space for defendant was unavailable at FCI Butner until mid-March, meaning he would continue to reside in the interim at a regional jail in central Virginia, apparently without treatment for his diagnosed condition of dementia.

That same day, the court conducted a teleconference with counsel on the matter. On February 9, 2012, the court entered an order providing as follows:

> The parties ultimately agreed during that telephonic hearing to defendant being committed to the custody of the Attorney General for a period of three months for purposes of conducting the evaluation prescribed by section 4241(d)(1). The three-month period will run from defendant's admission to FMC Butner on March 15, 2012, or any earlier date that he might be received there. The Bureau of Prisons is urged to make provision for the defendant's admission to FMC Butner at a substantially earlier date than March 15, 2012, if at all possible to do so.
>
> No later than the eve of the conclusion of the three month time period, the United States is directed to either (1) move the court pursuant to section 4241(d)(2)(A), or inform the court of its election not to so move, unless it earlier disposes of the pending charges against defendant according to law pursuant to section 4241(d)(2)(B), or (2) report to the court that it will proceed according to sections 4246 and 4248 as warranted by the circumstances then existing.
>
> It is the court's intention, if at all feasible and consistent with the thorough and complete evaluation of defendant, to consider and enter any section 4241(d)(2)(A) order prior to, or as soon as reasonably practicable after, the expiration of the three-month time period.

(Ord. at 2-3).

On March 30, 2012, the Warden at FCI Butner sent to the court a letter indicating defendant's arrival at the facility on March 13, 2012. The letter additionally stated that institution officials had "calculated the evaluation period to

5

end on July 10, 2012," with a final report to the court within 14 working days of that assumed end date. (March 30, 2012, Ltr. at 1). A follow-up letter sent by the Warden on April 6, 2012, elaborated further as to the July 10, 2012, end date, requesting that the institution be granted the full four-month evaluation period running from the date defendant arrived at FCI Butner on March 13, 2012. On April 12, 2012, defendant objected to the Warden's request.

It is doubtless the case that the mental-evaluation workload at FCI Butner is extremely demanding. <u>See</u>, <u>e.g.</u>, <u>United States v. Timms</u>, 664 F.3d 436, 439-40 (4th Cir. 2012) ("[T]he BOP began transferring potential candidates for § 4248 civil commitment to the Federal Correctional Institute in Butner, North Carolina . . . for an initial assessment, such that § 4248 civil commitment actions are now being reviewed almost exclusively through that facility."). The court additionally recognizes the time-consuming nature of the work and the limited resources that may be available for completing it.

Nevertheless, the circumstances in this case counsel against the requested extension. Defendant remained quite a long time in a regional jail facility without treatment for his

6

diagnosed mental condition. He is presently under indictment as well. If the requested extension is granted, defendant will wait nearly double the statutory time period to learn of the outcome of the 4241(d) proceedings. In light of these considerations, the court must respectfully decline the Warden's request. The court must additionally insist on compliance with the time frame and obligations earlier specified by the court's orders.

The Clerk is directed to forward copies of this written opinion and order to the Warden at FCI Butner, defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 18, 2012

John T. Copenhaver, Jr.
United States District Judge